[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried at Norwalk, Connecticut on June 7, 1986. The plaintiff has resided continuously in Connecticut for the last seventeen years. There are two children issue of the marriage. These are Luigi Jonathan, born June 2, 1987 and Luca, born May 16, 1991. The evidence indicates that this marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 8362
The plaintiff is 34 years old and in good health. He obtained a high school education in Italy. He is self employed as a tile and marble installer. The plaintiff appears to be a serious and hardworking young man.
The defendant is 31 years old and also enjoys good health. After graduating from high school, she attended Katherine Gibbs and earned a secretarial certificate. She currently holds a responsible job as an executive assistant at Cadbury-Schwepps in Stamford. In addition, she has been a homemaker and mother with the responsibility of caring for her younger son, Luca, who is autistic. The defendant has impressed the court with her dedication to her children and in her efforts in performing two full time jobs.
Both parties testified that lack of communication was the cause of the failure of their relationship. The court finds each must assume some responsibility for the breakdown of the marriage, and it declines to assess fault to either party.
The court has carefully considered the criteria set forth in General Statutes, Sections 46b-56, 46b-62, 46b-81, 46b-82 and46b-84 in reaching the decisions reflected in the orders that follow.
This is a difficult case because of two factors. They are the limited assets of the parties and the special needs of the younger child. Luca will require lifelong care and attention. It appears the defendant will have the primary responsibility for that task. She will be required to provide him (and his brother) shelter and will incur child care costs to permit her to be gainfully employed.
The following orders may enter.
(1) In accordance with the agreement of the parties, they shall have joint legal custody of their minor children, and the defendant shall have physical custody. The plaintiff shall have liberal and flexible rights of visitation.
 The visitation shall include alternate weekends, from Friday 6:00 p.m. through Sunday 6:00 p.m.; alternate holidays, vacations and children's birthdays. Plaintiff shall be responsible for CT Page 8363 children's expenses during visitation periods.
 Any disagreements between the parties shall be submitted to Family Relations for mediation. The court urges the plaintiff to exercise more visitation than provided above. The defendant is going to need assistance in caring for the children which includes some periods of relief for herself. The plaintiff should recognize his obligations in this regard. The children shall not be removed from the United States without the consent of both parents or order of the court.
(2) Commencing August 1, 1998, the plaintiff shall pay to the defendant as periodic alimony the sum of $1 per year. The payments shall continue until the death of either party or the defendant's remarriage, whichever event first occurs.
(3) Much testimony was devoted to the subject of the plaintiff's income. It is the defendant's position that the plaintiff has failed to report his true income. The plaintiff claims he does report his correct income.
 From the conflicting evidence presented on this issue, the court has reached the following conclusions:
a. The plaintiff has been less than candid in his testimony;
 b. The plaintiff has never made any effort, although retaining an accountant to file tax returns, to keep meaningful business records;
 c. The plaintiff may have understated his income in 1988 but presently the nature of his business has changed;
 d. The defendant's attempt to adjust plaintiff's current reported income by an interpolation factor based on 1988 receipts is unreliable and speculative.
Therefore, for child support purposes, the court is accepting the plaintiff's representation that he earns $44,666 per year. Under the child support guidelines, the plaintiff's obligation would be $202.88 per week.
Under the circumstances of this case, the court is entering an order that deviates from the guidelines. The basis for the deviation is extraordinary expenses for care and maintenance of CT Page 8364 the minor child, Luca. General Statutes, Section 46b-215a-3
(b)(2).
The plaintiff shall pay to the defendant the sum of $1,075 per month (rate of $250 per week) as child support. The payments shall commence on August 1, 1998 and on the first day of each month thereafter, in advance, until both children graduate high school or reach age 19, whichever event first occurs.
 The pendente lite order shall remain in effect for the month of July, 1998.
(4) The plaintiff shall maintain a life insurance policy on his life in the amount of $150,000 naming the defendant and the minor children as irrevocable beneficiaries for as long as the plaintiff is obligated to pay alimony and child support.
 If the defendant remarries before the younger child reaches majority, then the defendant shall be removed as a beneficiary. If the defendant is still unmarried when the younger child reaches his majority, then the defendant shall be named the sole beneficiary for as long as the plaintiff is obligated to pay periodic alimony.
 On July 1st of each year the plaintiff shall furnish the defendant with proof of his insurance being in effect.
(5) So long as health insurance is available to the defendant through her employment, she shall maintain health insurance for the minor children. All unreimbursed medical expenses for the children shall be shared equally between the parties.
 The medical expenses shall include dental, psychiatric, psychological and pharmacological needs of the children. Section 46b-84 (d) of the General Statutes shall apply.
(6) The plaintiff shall promptly transfer to the defendant his entire interest in the residence located at 27 Hanford Lane, Wilton, Connecticut. The transfer shall be subject to the outstanding mortgage which shall be the sole responsibility of the defendant. The defendant shall hold the plaintiff harmless from any liability thereon.
(7) Simultaneously with the plaintiff's transfer of his interest in the Wilton residence, the defendant shall execute and deliver CT Page 8365 a promissory note payable to the plaintiff in the amount of thirty-five thousand ($35,000) dollars. The note shall provide for no interest. The note shall be payable on the defendant's remarriage or July 1, 2005, whichever event first occurs. The note shall beef secured by a mortgage deed on the Wilton residence, subject to the current first mortgage. The mortgage deed shall contain the usual language and conditions used by lending institutions in Fairfield county. The mortgage deed shall provide that if the defendant obtains substitute housing, the plaintiff will release his mortgage and a new mortgage will be placed on the new housing, subject to a first mortgage on the new residence, leaving sufficient equity to secure the plaintiff's interest.
(8) The defendant shall promptly transfer to the plaintiff her entire interest in the condominium located at 45 Stuart Avenue, Norwalk, Connecticut. The transfer shall be subject to the outstanding mortgage which shall be the sole responsibility of the plaintiff. The plaintiff shall hold the defendant harmless from any liability thereon.
 The hold harmless obligation of the plaintiff shall not be discharged if the plaintiff is required or elects to seek the assistance of the Bankruptcy court. The court intends the plaintiff's obligation to be in the nature of support for his family in that the freedom from this liability permits the defendant to use her income to accommodate the needs of her children.
(9) The 1989 Jeep Cherokee is awarded to the plaintiff for his use or disposal with the proceeds of sale to be his alone.
(10) Each party shall retain all assets listed on her/his financial affidavit that were not specifically addressed in this memorandum.
(11) The personal property present in the marital home and condominium have been previously divided between the parties, except for the plaintiff's wine-making equipment, tools and business records which the defendant shall promptly turn over to the plaintiff.
(12) Each party shall be responsible for the debts on his/her financial affidavit. Each shall hold the other harmless from any liability thereon.
CT Page 8366
(13) Each party shall pay her and his own counsel fees.
(14) The defendant's maiden name of Falbo shall be restored.
(15) Each party shall be solely responsible for all taxes and penalties which may arise from any failure to report any income earned by that party and hold the other harmless from any liability thereon.
(16) The defendant may claim both minor children as exemptions for income tax purposes.
Judgment may enter accordingly.
NOVACK, J.